IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACOB KOJO AMENUVOR, EN-4520, )
    Petitioner, )
     )
    v. ) 2:11-cv-0651
     )
WARDEN JOSEPH MAZURKIEWICL, )
    Respondent. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Jacob Kujo Amenuvor, an inmate at the State Correctional Institution at Greensburg has presented a petition for a writ of habeas corpus pursuant to 28 U.S.C.2241. For the reasons set forth below, the petition will be dismissed.

    On May 12, 2011, Amenuvor executed a petition challenging his detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("DHS/ICE") specifically alleging that his present or future detention by DHS/ICE is without statutory authority.

    Petitioner is presently serving a life plus 13½ to 30 year sentence imposed following his conviction of second-degree murder, robbery and carrying a firearm without a license in the Court of Common Pleas of Monroe County, Pennsylvania. This sentence was imposed on January 31, 2001, and has been the subject to appeals in the Pennsylvania courts and an unsuccessful habeas corpus petition in the Middle District of Pennsylvania.[1] However, it is not this conviction which he now seeks to challenge here, but rather a detainer issued by DHS/ICE which is lodged at his present place of incarceration.

    The background to the federal order of deportation arose after the petitioner's criminal convictions. On November 13, 2002, an Immigration Judge determined that the petitioner was a citizen of Ghana and ordered him removed from the United States and this determination was not

---

[1] See: Exhibits 1-4 to the response.

appealed.[2] Exhibit 5 to the response is the September 2, 2011 declaration of Kent J. Frederick, Chief Counsel for the Philadelphia Office of ICE in which he represents that:

> On November 22, 2010, the Board of Immigration Appeals dismissed Amenuvor's appeal of the immigration judge's decision denying his motion to reopen his immigration proceedings. Amenuvor's motion was untimely, being filed seven years after he had an administratively final order of removal.
>
> Currently, Amenuvor is serving a criminal sentence after being convicted of criminal homicide and multiple other offenses related to this crime. He is incarcerated at S.C.I. Greensburg, PA, with an early release date of March 5, 2050.
>
> ICE placed a detainer with the state correctional facility that will act to transfer his custody to ICE upon completion of his sentence.
>
> It is provided in 28 U.S.C. 2241(c) that:
>
> The writ of habeas corpus shall not extend to a prisoner unless---
>
> (1) He is *in custody* under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is *in custody* for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is *in custody* in violation of the Constitution or laws or treaties of the United States; or
> (4) He, being a citizen of a foreign state and domiciled therein is *in custody* for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial (emphasis added).

Thus, the common thread running through these provisions is the "in custody" requirement.

The respondent now contends that the instant petition is subject to dismissal as Amenuvor is not "in custody" based on the immigration detainer. In <u>Munaf v. Geren</u>, 553 U.S. 674, 686 (2008), the Court held that "an individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him" (citations omitted). In the present case, the petitioner is incarcerated in a Pennsylvania penitentiary as a result of a Pennsylvania conviction and sentence and the United States has no control over him. The only connection the United States has with Amenuvor is the detainer

---

[2] See: Page 4 of the response.

which it has lodged at the prison seeking to have the petitioner surrendered to the United States if and when he is released from state custody.[3]

In reviewing the issue of whether or not an individual was "in custody", the Court of Appeals in Henry, observed that the majority of circuit courts which have reviewed this issue have concluded that the lodging of a detainer by the INS does not meet the required showing for "in custody" 317 Fed. Appx. at 179.

While the respondent notes that the petitioner may be subject to release in 2050, the reality is that in Pennsylvania a conviction of second degree murder requires a mandatory life sentence. 18 Pa.C.S.A. 1102(b). This sentence is not subject to parole. Castle v. Com. 554 A.2d 625, appeal denied 567 A.2d 653 (1989). In addition to the life sentence, the petitioner is subject to a consecutive 13 ½ to 30 year sentence. Thus, in reality, in all likelihood the petitioner will never come into federal custody.

Accordingly, the petition of Jacob Kojo Amenuvor for a writ of habeas corpus will be dismissed. An appropriate Order will be entered.

---

[3] The detainer "is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." Giddings v. Chandler, 979 F.2d 1104, 1105 n.3 (5th Cir.1992), cited by the Third Circuit in an unpublished opinion, Henry v. Chertoff, 317 Fed.Appx. 178, 2009 W.D. 679391 (3d Cir.).

ORDER

AND NOW, this 6th day of October 2011, for the reasons set forth in the foregoing Memorandum, the petition of Jacob Kojo Amenuvor for a writ of habeas corpus is dismissed.

        s/ Robert C. Mitchell
        United States Magistrate Judge