IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACOB KOJO AMENUVOR, EN-4520, )
    Petitioner, )
     )
    v. )   2:11-cv-0651
     )
WARDEN JOSEPH MAZURKIEWICL, )
    Respondent. )

MEMORANDUM and ORDER

Mitchell, M.J.:

      Jacob Kojo Amenuvor, an inmate at the State Correctional Institution at Greensburg has presented a petition for a writ of habeas corpus pursuant to 28 U.S.C.2241. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      On May 12, 2011, Amenuvor executed a petition challenging his detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("DHS/ICE") specifically alleging that his present or future detention by DHS/ICE is without statutory authority.

      Petitioner is presently serving a life plus 13½ to 30 year sentence imposed following his conviction of second-degree murder, robbery and carrying a firearm without a license in the Court of Common Pleas of Monroe County, Pennsylvania. This sentence was imposed on January 31, 2001, and has been the subject to appeals in the Pennsylvania courts and an unsuccessful habeas corpus petition in the Middle District of Pennsylvania.[1] However, it is not this conviction which he now seeks to challenge here, but rather a detainer issued by DHS/ICE which is lodged at his present place of incarceration.

      The background to the federal order of deportation arose after the petitioner's criminal convictions. On November 13, 2002, an Immigration Judge determined that the petitioner was a citizen of Ghana and ordered him removed from the United States and this determination was not

---

[1] See: Exhibits 1-4 to the response.

appealed.[2] Exhibit 5 to the response is the September 2, 2011 declaration of Kent J. Frederick, Chief Counsel for the Philadelphia Office of ICE in which he represents that:

> On November 22, 2010, the Board of Immigration Appeals dismissed Amenuvor's appeal of the immigration judge's decision denying his motion to reopen his immigration proceedings. Amenuvor's motion was untimely, being filed seven years after he had an administratively final order of removal.
>
> Currently, Amenuvor is serving a criminal sentence after being convicted of criminal homicide and multiple other offenses related to this crime. He is incarcerated at S.C.I. Greensburg, PA, with an early release date of March 5, 2050.[3]
>
> ICE placed a detainer with the state correctional facility that will act to transfer his custody to ICE upon completion of his sentence.

In a Memorandum filed on October 6, 2011, we concluded that the petitioner was not "in custody" on the federal charges and accordingly dismissed his petition. A timely appeal was taken to the United States Court of Appeals which ruled on January 11, 2012, that we erroneously concluded that the petitioner was not "in custody" for federal habeas purposes and remanded the matter for consideration, inter alia, of the Government's ripeness argument citing to Simmonds v. INS, 326 F.3d 351, 356-61 (2d Cir. 2003) which concluded that under similar circumstances, the petition did not "satisfy the doctrine of prudential ripeness."[4]

In Simmonds, Judge Calabresi wrote:

> Anthony Simmonds, a prisoner serving an indeterminate life sentence in the State of New York, filed a habeas corpus … seeking to overturn an order that he be deported for his drug and weapon possession convictions… Although we find that Simmonds is in INS custody within the meaning of 28 U.S.C. §2241, considerations of prudence lead us to order that his petition be dismissed as not ripe.

326 F.3d at 353.

The Simmonds court rejected the position of the district court which, like here, concluded that the petitioner was not "in custody" and determined that he did meet the custody requirement. The court, then went on to consider the ripeness doctrine writing:

---

[2] See: Page 4 of the response.
[3] We believe this possible release date is incorrect since under Pennsylvania law a second degree murder conviction compels a mandatory life sentence. 18 Pa. C.S.A. § 1102(b).
[4] United States Court of Appeals for the Third Circuit No. 11-4086.

2

> "Ripeness" is a term that has been used to describe two overlapping threshold criteria for the exercise of a federal court's jurisdiction… Both are concerned with whether a case has been brought prematurely, but they protect against prematureness in different ways and for different reasons. The first of these ripeness requirements has as its source the Case or Controversy Clause of Article III of the Constitution, and hence goes, in a fundamental way, to the existence of jurisdiction. The second is a more flexible doctrine of judicial prudence, and constitutes an important exception to the usual rule that where jurisdiction exists a federal court must exercise it…
>
> These two forms of ripeness are not co-extensive in purpose. Constitutional ripeness is a doctrine that, like standing, is a limitation on the power of the judiciary… But when a court declares that a case is not prudentially ripe, it means that the case will be *better* decided later and that the parties will not have constitutional rights undermined by the delay … Of course, in deciding whether "better" means later the court must consider the likelihood that some of the parties will be made worse off on account of the delay. But that, and its degree, is just one – albeit important – factor the court must consider. Prudential ripeness is, then, a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination of, especially, constitutional issues that time may make easier or less controversial… (citing cases).

326 F.3d at 356-357.

The Simmonds court then recognized that although a possibility of state parole existed the habeas corpus issue was better addressed at a time closer to the petitioner's parole and accordingly, the petition was dismissed by the Court of Appeals as premature. Unlike Simmonds, the petitioner here is serving a life sentence for second degree murder which under Pennsylvania law does not allow for the possibility of parole[5] to be followed by a consecutive 13 ½ to 30 year sentence. Thus, the reality is that except in some presently unimaginable event there is no reasonable likelihood that he will ever come into federal custody, and for this reason his petition here is better addressed at some time, if ever, that it appears that federal custody is likely.

Accordingly, the petition of Jacob Kojo Amenuvor for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[5] 18 Pa.C.S.A. § 1102(b).

ORDER

AND NOW, this 20th day of January, 2012, for the reasons set forth in the foregoing Memorandum, the petition of Jacob Kojo Amenuvor for a writ of habeas corpus is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge